Stephanie McAULIFFE, Plaintiff-Appellant,

v.

Leo John VONDERA, Defendant-Respondent.

No. 34824.

Missouri Court of Appeals, St. Louis District, Division One.

April 24, 1973.

James M. Reed II, Kansas City, for plaintiff-appellant.

William W. Eckelkamp, Jr., Jenny, Cole & Eckelkamp, Union, for defendant-respondent.

WEIER, Acting Presiding Judge.

Plaintiff, Stephanie McAuliffe, was riding as a passenger in a car owned and driven by her husband, Sam McAuliffe, when she was injured as a result of a collision with another automobile. Defendant, the driver of the other automobile, pleaded contributory negligence as a defense to plaintiff's recovery. The answer alleged that the negligence of the driver, Sam McAuliffe, was imputed to plaintiff, Stephanie McAuliffe, because her husband at the time of collision was acting as her agent and further that she was on a joint venture with her husband. When the case was submitted to the jury, the court gave at the request of defendant a modified version of MAI 13.06 defining agency and a modified version of MAI 32.01 directing a verdict for the defendant in the event that the jury found Sam McAuliffe to be the agent of the plaintiff, and guilty of negligence contributing to her injuries. Plaintiff challenged the giving of these instructions in her motion for new trial. After the trial court overruled her after-trial motion, plaintiff contends on appeal that the giving of these instructions was prejudicially erroneous because they were not supported by the evidence. We agree.

At the time of the collision with defendant's automobile, plaintiff and her husband were on their honeymoon. The automobile in which plaintiff was riding was driven and owned by her husband. Plaintiff and her husband were traveling on Interstate Highway 44 near State Highway 100 when they decided they were hungry. Both saw signs advertising a restaurant near this intersection and Mr. McAuliffe turned off onto Highway 100 to stop at this restaurant. The restaurant was closed and they decided to go on to Sullivan, Missouri. In crossing Highway 100 in order to get back onto Interstate 44, the collision occurred.

The relationship of agency wherein the principal may be bound by the acts of the agent results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control. In addition, the other must consent to act for the principal and be governed by his direction. Once the relationship is fixed, then, of course, the principal is subject to accountability for the tortious conduct of the agent acting within the scope of his agency. Leidy v. Taliaferro, 260 S.W.2d 504, 505(2, 3) (Mo.1953). As we

stated in a case where the husband driver and his claimant wife were on their way from their home to a church supper: "As a general proposition of law, the wife, lacking the right to control her husband's actions, and he being in no sense of the law her servant or agent, is merely to be regarded as her husband's guest when riding with him in an automobile which he is driving, and his negligence, if any, in the operation of the automobile is therefore not to be imputed to her." Silsby v. Hinchey, 107 S.W.2d 812, 815(5) (Mo.App.1937).

 In the case at bar, both husband and wife decided they were hungry and that they should stop to eat. It seemed that they both agreed after finding the restaurant closed that they would go on to Sullivan to find another restaurant. Nowhere do we find that the plaintiff in any way determined where her husband, the driver, was to turn his car or regain access to the interstate highway. It was obvious that Sam McAuliffe chose the route and controlled the operation of his car. There is no evidence that plaintiff participated in these decisions or that her views were even consulted. The instructions that were given to the jury to authorize a defendant's verdict were based upon a finding of an agency relationship between the McAuliffes. There was no evidence on which to base such a finding of agency. Without supporting evidence, an instruction on a particular theory of recovery or defense may not be given. Rule 70.01, V.A.M.R.; MAI 1.02, Committee's comment, p. 7; Hounihan v. State Farm Mut. Auto. Ins. of Bloomington, Ill., 441 S.W.2d 58, 62(8) (Mo.App.1969).

A theory of joint venture to impute negligence to the plaintiff in this case was extensively briefed by counsel representing each of the parties in this litigation. Aside from the fact that there is no evidence of a joint venture, the instructions forming the basis of defendant's contention on appeal made no reference to joint venture, but instead were based upon a theory of agency. It would therefore be a useless task to dis-

cuss the authorities in this area and indicate how they do not apply to the facts of this case.

Because of the submission of the instructions without an evidentiary basis, we reverse and remand for a new trial.

CLEMENS and McMILLIAN, JJ., concur.