**STATE ex rel. Pansy HENLEY, Relator,**

v.

**The Honorable James R. BICKEL, Respondent.**

No. SC 89614.

Supreme Court of Missouri, En Banc.

June 16, 2009.

John D. Hammons, Jr., Paula S. Green, Ellis, Ellis, Hammons & Johnson, Springfield, MO, for Relator.

Michelle B. O'Neal, Patrick M. Martucci, Hershewe Law Firm, PC, Joplin, MO, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

## I. Introduction

James and Connie Graves (collectively "Plaintiffs") filed a negligence lawsuit against Donald Henley ("Donald") and Pansy Henley ("Pansy") arising out of an automobile accident. Donald was driving, and Pansy was a passenger. The claim against Pansy is based upon the theory of joint venture or respondeat superior. Pansy filed a motion to dismiss for failure to state a claim upon which relief can be granted, but the circuit court overruled the motion.

Pansy seeks prohibition pursuant to Mo. Const. art. V, sec. 4. This Court issued a preliminary writ, which is now made absolute as modified. The mere allegation of a husband and wife relationship, joint ownership of an automobile, and operation of the automobile by one spouse with the other spouse as a passenger for a purpose consistent with everyday activities of a marriage is not sufficient to establish a "realistic right of control" by the passenger spouse for liability under either joint venture or master servant theories.

## II.

### A. Standard of Review

A motion to dismiss for failure to state a cause of action upon which relief can be granted attacks the plaintiff's pleadings and the following standard of review applies:

> A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 2001); *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). In order to withstand the motion, the petition must invoke "substantive principles of law entitling plaintiff to relief and ... ultimate facts informing the defendant of that which plaintiff will attempt to establish at

trial." *Dolan,* 256 S.W.3d at 82 (citations omitted).

## B. Writ of Prohibition

Prohibition is a discretionary writ that may be issued to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent the exercise of extra-jurisdictional authority. *State ex rel. Union Elec. Co. v. Dolan,* 256 S.W.3d 77, 81 (Mo. banc 2008). In *Dolan,* the Court held that "[i]n the context of a motion to dismiss for failure to state a cause of action, it has long been held that 'where a petition reveals that the pleader has not stated and cannot state a cause of action of which the circuit court would have jurisdiction, then prohibition will lie.'" *Id.* at 81 (citation omitted). Of particular relevance here is this Court's statement that "prohibition will lie if plaintiff's petition 'does not state a viable theory of recovery, and relator was entitled to be dismissed from the suit as a matter of law.'" *Id.* at 81 (quoting *State ex rel. Barthelette v. Sanders,* 756 S.W.2d 536, 539 (Mo. banc 1988)). *See also Adkisson v. Dir. of Revenue,* 891 S.W.2d 131, 132 (Mo. banc 1995) (citing *Commercial Bank of St. Louis County v. James,* 658 S.W.2d 17, 21 (Mo. banc 1983)).

Traditionally, the Court has discussed writs of prohibition in jurisdictional language. This Court's recent decision of *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), attempts to refine the concepts of jurisdiction and authority in a practical way. However, use of a writ in a motion to dismiss context does not depend upon jurisdictional analysis. "This Court has repeatedly held that 'prohibition may be appropriate to prevent unnecessary, inconvenient, and expensive litigation.'" *State ex rel. Coca–Cola Co. v. Nixon,* 249 S.W.3d 855, 860 (Mo. banc 2008) (quoting *State ex rel. Union Plant-*

*ers Bank, N.A. v. Kendrick,* 142 S.W.3d 729, 735 (Mo. banc 2004)); *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855, 857 (Mo. banc 2001); *see also State ex rel. Am. Family Mut. Ins. Co. v. Clark,* 106 S.W.3d 483, 486 (Mo. banc 2003). If a party cannot state facts sufficient to justify court action or relief, it is fundamentally unjust to force another to suffer the considerable expense and inconvenience of litigation. It is also a waste of judicial resources and taxpayer money.

Discovery provides no remedy as there is nothing pleaded upon which to focus any search for evidence. Summary judgment likewise provides no remedy because it focuses upon whether evidence exists to support well-pleaded facts, not the absence of pleaded facts altogether.

> Where the federal courts now use *discovery* to identify the facts upon which the plaintiff's claim rests, such has always been the role of *pleadings* in Missouri. Finally, where the federal courts rely on *summary judgment* procedures to dispose of baseless claims, such continues to be the role of *motions to dismiss* in Missouri.

*ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.* 854 S.W.2d 371, 380 (Mo. banc 1993) (emphasis in original) (internal citations omitted).

In sum, to allow a suit to proceed, without meeting the most minimal level of fact pleading, is a waste to the system and an unjust expense to the parties that cannot be repaired on appeal and is subject to a writ for abuse of judicial discretion to avoid irreparable harm and prevent unnecessary litigation and expense.

## III. Facts

The underlying facts relevant to this Court's determination are found in the lan-

guage of Plaintiffs' amended petition, which states, in part:

4. At all relevant times Defendant Donald E. Henley and Pansy Henley were husband and wife and joint owners of a 2006 Toyota Camry . . .

5. Defendant Donald E. Henley and Pansy Henley were engaged in a joint venture and/or joint journey at the time of the collision which gives rise to this cause of action such that both defendants are jointly and severally responsible for the negligence of defendant Donald E. Henley. Defendant Pansy Henley was a passenger in the 2006 Toyota Canny at the time of the collision and, as such, was entitled to right of control over the operation of the vehicle.

6. At all times relevant, Defendant Donald E. Henley was the agent of Defendant Pansy Henley and was acting within the course and scope of said agency so as to make Defendant Pansy Henley vicariously liable for Defendant Donald E. Henley's negligence under the doctrine of respondeat superior.

. . .

8. On or about November 8, 2006, at approximately 6:10 p.m., Plaintiff James L. Graves was operating a 1998 Honda Motorcycle westbound on U.S. Highway 160 approximately four miles west of Lockwood, Missouri, in Dade County.

9. At that time, Plaintiff Connie Graves was a passenger riding on the motorcycle operated by her husband, Plaintiff James Graves.

10. At the same time, Defendant Donald E. Henley was operating a 2006 Toyota Canny southbound on Route D in Dade County. Defendant Pansy Henley was a passenger in the Toyota Canny being driven by Defendant Donald E. Henley.

11. On the above mentioned date and time, Defendant Donald E. Henley and Pansy Henley were moving personal belongings from their home in Jerico Springs to a new home in Joplin.

12. On the above mentioned date and time, Defendant Donald E. Henley approached a stop sign at which point Route D intersects with U.S. Highway 160.

13. As Plaintiffs approached the intersection of Route D and U.S. Highway 160, Defendant Donald E. Henley violated the stop sign controlling traffic from his direction, and pulled his vehicle into the intersection directly into the path of Plaintiffs' motorcycle.

14. A collision ensued between Plaintiffs' motorcycle and the Henley vehicle, resulting in the personal injuries and damages set forth below.

In her motion to dismiss for failure to state a claim upon which relief can be granted, Pansy argued that Plaintiffs' amended petition failed to allege an element necessary to plead joint venture or master servant liability under Missouri law; that Pansy had a "right of control" over the vehicle. The trial court overruled the motion. Pansy now seeks a writ of prohibition to prevent Plaintiffs from proceeding with the lawsuit.

## IV. Analysis

### A. Joint Venture

Generally, to state a claim against defendants as a joint venture, plaintiff's petition must allege the following:

(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a

voice in the direction of the enterprise, which gives an equal right of control. *Manley v. Horton*, 414 S.W.2d 254, 260 (Mo. banc 1967) (citing RESTATEMENT (SECOND) OF TORTS sec. 491); *See also Mitchem v. Gabbert*, 31 S.W.3d 538, 541 (Mo.App.2000) (citing *McSorley v. Hauck*, 883 S.W.2d 562, 566 (Mo.App.1994)).

■■■ However, a more restrictive approach is applied in cases involving a husband and wife. In the context of an automobile accident involving a vehicle that is jointly owned by husband and wife, this Court has held that the "[m]ere existence of the husband and wife relationship does not cause negligence of one spouse to be imputed to the other." *Stover v. Patrick*, 459 S.W.2d 393, 398 (Mo. banc 1970). "Trips for some family purpose or mutual pleasure have been held not to result in imputing negligence of the husband-driver to his passenger-wife." *Id.* Furthermore, this Court held that:

> [C]o-ownership of an automobile does not give a *realistic right of control* over its movement to a passenger-owner and that absent evidence of other facts which establish a basis for imposing liability on the passenger-wife for acts of her driver-husband, the negligence of the latter should not be imputed to the former, merely because of joint-ownership of the vehicle.

*Id.* at 401. (emphasis added).

■■■ The concept of "realistic right of control" is not expressly defined in *Stover*. The Court noted:

> As indicated in the foregoing quotation from *Hamilton v. Slover*, the basis in most cases for imputing negligence of the owner-driver to the passenger co-owner is the existence of an alleged equal right of possession and control. The question we must decide is whether such presumed right is actually realistic. Plaintiffs' brief states it thus: "How

much true control, or right of control, did she have as she sat in the front seat of that car and the Patrick car came into view? From a practical standpoint, she had none. Her husband's hands steered the course of the car, shifted gears and turned off the ignition. It was his foot which applied the brakes. She gave him no direction, and if she had, it would have been unavailing."

*Id.* at 399. It would appear that the *Stover* "realistic right of control" test requires a practical showing of an actual ability to control the driver, beyond a showing of theoretical right of control over the vehicle via ownership.

The plain language contained in paragraph 5 of Plaintiffs' amended petition alleges that Pansy had a right of control over the vehicle by way of the fact that she was a passenger-owner. It is clear from this Court's decision in *Stover* that Plaintiffs must allege more. *See Bach v. Winfield–Foley Fire Protection District*, 257 S.W.3d 605, 609 (Mo. banc 2008). Paragraph 11 of Plaintiffs' amended petition is also insufficient as it merely alleges that Pansy and Donald were involved in a trip for some family purpose. Again, Plaintiffs are required to plead facts establishing a "realistic right of control." Accordingly, Plaintiffs' petition does not adequately plead the necessary facts to state a claim for joint venture.

### B. Master–Servant

■■■ "In order to establish a principal/agent relationship between [Pansy and Donald], the principal must have a 'right to control.'" *Bach v. Winfield–Foley Fire Protection District*, 257 S.W.3d 605, 608 (Mo. banc 2008); *Gardner v. Simmons*, 370 S.W.2d 359, 362 (Mo.1963). Under the laws of agency, the principal does not need to control or direct every movement of the

agent, only that necessary to the accomplishment of the final result. *Bach,* 257 S.W.3d at 610.

 Again, however, there is a more restrictive approach applied in cases involving a husband and wife.

> As a general proposition of law, the wife, lacking the right to control her husband's actions, and he being in no sense of the law her servant or agent, is merely to be regarded as her husband's guest when riding with him in an automobile which he is driving, and his negligence, if any, in the operation of the automobile is therefore not to be imputed to her.

*McAuliffe v. Vondera,* 494 S.W.2d 692, 694 (Mo.App.1973).

Paragraph 6 of the amended petition states that, at the time of the accident, Donald was acting as Pansy's agent but it fails to provide any facts to support the allegation more than that a husband-wife relationship exists between Pansy and Donald. This is insufficient to establish that Pansy had a "realistic right of control" over the operation of the vehicle. Plaintiffs' petition does not adequately plead the necessary facts to state a claim for master-servant in a husband and wife situation.

## V. Conclusion

The facts pleaded do not meet the elements of a recognized cause of action. Accordingly, this Court makes absolute its preliminary writ as modified. The Plaintiffs are to be allowed to amend their petition to state a proper cause of action, or, absent such amendment, their petition shall be dismissed.

STITH, C.J., RUSSELL, WOLFF and BRECKENRIDGE, JJ., concur; FISCHER, J., dissents in separate opinion filed; TEITELMAN, J., concurs in opinion of FISCHER, J.

ZEL M. FISCHER, Judge.

The procedural posture of this case does not justify the issuance of an extraordinary writ and, therefore, on that basis alone, I dissent.

Article V, section 4.1, of the Missouri Constitution provides:

> The supreme court shall have general superintending control over all courts. . . . The supreme court . . . may issue and determine original remedial writs. . . .

Historically, the issuance of an extraordinary writ of prohibition has been very limited. "Prohibition will lie only where necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party." *State ex rel. Director of Revenue v. Gaertner,* 32 S.W.3d 564, 566 (Mo. banc 2000).

Even if this Court granted a preliminary writ, it seriously considered in each case whether it should exercise its discretionary authority to make permanent the preliminary writ of prohibition. *Derfelt v. Yocom,* 692 S.W.2d 300 (Mo. banc 1985).

> A writ of prohibition does not issue as a matter of right. *State ex rel. Hannah v. Seier,* 654 S.W.2d 894, 895 (Mo. banc 1983). Whether a writ should issue in a particular case is a question left to the sound discretion of the court to which application has been made. *Id.*

Because this extraordinary legal remedy provides litigants with abundant opportunity to circumvent the normal appellate process, we are mindful that courts should employ the writ judiciously and with great restraint. A court should only exercise its discretionary authority to issue this extraordinary remedy when the facts and circumstances of the particular case demonstrate un-

equivocally that there exists an extreme necessity for preventive action. Absent such conditions, the court should decline to act.

The petition for writ of prohibition was filed while this case was still in the discovery phase and was prompted because the trial court overruled a motion to dismiss the amended petition.

Had the trial court granted the motion to dismiss, then the plaintiffs would have had the remedy to appeal the judgment to the court of appeals. *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 2001); *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). The routine procedure when a trial court overrules a motion to dismiss is for the defendant to file a motion for summary judgment on completion of the discovery phase. The purpose for filing a motion for summary judgment is to resolve cases when there are no genuine issues of material fact and resolution depends solely on questions of law. Rule 74.04.

The principal opinion relies on *State ex rel. Union Elec. Co. v. Dolan*, 256 S.W.3d 77 (Mo. banc 2008), for the proposition that it is proper to grant a writ of prohibition if the appellate court desires to overrule a trial court for failing to grant a motion to dismiss. That case holds "the failure to state a cause of action is a jurisdictional defect because there is no subject matter on which the court can take jurisdiction." *Id.* at 82.

*J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), made clear that prior cases labeling mere error to be "jurisdictional" no longer should be followed as there were only two types of jurisdiction in Missouri state courts: personal jurisdiction, which refers to the power of the court to require a person to respond to a legal proceeding, and subject matter jurisdiction, which refers to the

court's authority to render a judgment in a particular category of cases. "[S]ubject matter jurisdiction of Missouri's courts is governed directly by the state's constitution. Article V, section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that '[t]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal.' " *Id.* at 253.

Applying these pronouncements to this case makes simple the task of determining jurisdiction. The circuit court had authority to hear this case and rule on the motion to dismiss. The circuit court also has power to render a judgment that binds the parties, as neither contests personal jurisdiction. If the trial court was wrong in not sustaining the motion to dismiss, it was mere error subject to appeal after final judgment.

I agree with this Court's recent efforts to restrict the use of the word "jurisdiction" to what it originally meant. My thought was that what would follow was some curtailment of the issuance of remedial writs and that this Court would only exercise its constitutionally granted superintending control over the trial courts when "necessary to prevent usurpation of judicial power, to remedy excess of jurisdiction, or to prevent irreparable harm to a party." *State ex rel. Director of Revenue v. Gaertner*, 32 S.W.3d at 566.

Unable to categorize the trial court's overruling of a motion to dismiss as a usurpation of judicial power, in excess of jurisdiction, or necessary to prevent irreparable harm, the principal opinion justifies the issuance of a writ of prohibition solely "to prevent unnecessary, inconvenient, and expensive litigation." Slip op. at 3.

I am skeptical that this case, which most likely would have been resolved by a motion for summary judgment at the trial

court level had a writ not been issued, would have cost the parties more litigation expense than the writ proceedings in this Court. I am also skeptical of the statement in the principal opinion that this case would have caused more of a waste of judicial resources and taxpayer money than if this Court would have just let the case be resolved by a summary judgment motion.

Regardless of that skepticism, the argument that the issuance of a writ is going to save litigation cost holds no water in this case because the parties agree, and defense counsel, who represents both husband and wife, admitted during oral argument, the case is going to trial against the husband even if the wife dismissed as a defendant from the action.

None of the cases cited for the proposition that prohibition may be appropriate to prevent unnecessary, inconvenient, and expensive litigation involves the overruling of a motion to dismiss. *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855, 857 (Mo. banc 2001), involves the issue of venue, and *State ex rel. Coca-Cola Co. v. Nixon*, 249 S.W.3d 855, 860 (Mo. banc 2008); *State ex rel. Union Planters Bank, N.A. v. Kendrick*, 142 S.W.3d 729, 735 (Mo. banc 2004); and *State ex rel. American Family Mut. Ins. Co. v. Clark*, 106 S.W.3d 483, 486 (Mo. banc 2003), involve the issue of class certification. The issuance of the remedial writs in those cases was appropriate because there was arguably no adequate remedy by appeal. Such is not the case here.

My position is that the writ procedures are not a substitute for the appellate process. "[A] writ will not issue in a case where a direct appeal is available...." *State ex rel. Hilburn v. Staeden*, 62 S.W.3d 58, 61 (Mo. banc 2001).

Historically, this Court's case decisions regarding the remedial writ of prohibition

used the word "extraordinary" for good reason. There is nothing "extraordinary" about a trial judge overruling a motion to dismiss. Even assuming the principal opinion correctly resolves the legal issues presented, this case may have been resolved by our normal civil procedures, including filing a motion for summary judgment. Rule 74.04.

There is no dispute that the trial court in this case had subject matter jurisdiction to overrule the motion to dismiss. There is nothing about this case that could not have been adequately remedied by our normal rules of procedure. The issuance of the writ of prohibition in this case lacks judicial restraint and serves to circumvent not only our normal appellate process, but our normal process at the trial court level, as well.