

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI EX REL.   )  *Opinion issued December 19, 2023*
TYLER TECHNOLOGIES, INC.,   )
              )
   Relator,       )
              )
v.            )   No. SC100298
              )
HON. DAVID P. CHAMBERLAIN,  )
              )
   Respondent.     )

### ORIGINAL PROCEEDING IN PROHIBITION

Tyler Technologies, Inc., filed a petition for a writ of prohibition to bar the circuit court from taking further action other than dismissing with prejudice Counts IV and VI of a class-action petition filed by several individual and corporate property owners (Plaintiffs) who allege Tyler negligently performed its contractual obligations to assist Jackson County with the 2023 real property assessment. Tyler is entitled to dismissal as a matter of law because Plaintiffs do not allege facts showing Tyler owed them a duty of care. Consequently, this Court makes permanent its preliminary writ prohibiting the circuit court from taking any further action other than dismissing Counts IV and VI of the first amended petition with prejudice.

**Facts and Procedural History**

Plaintiffs alleged the County, several government officials, and Tyler acted unlawfully during the 2023 real property assessment, resulting in illegal assessments. Plaintiffs alleged Tyler entered into a contract to replace the County's computer-assisted mass appraisal system and provided the County with appraisal and reassessment services. Plaintiffs alleged Tyler owed them "a duty to use reasonable care when performing" services pursuant to the contract. As relevant to this case, they further alleged Tyler's failure to perform its contractual obligations caused some class members to not receive timely notice of increased assessments (Count IV) and caused others to have their property assessments increase by more than 15 percent without a physical inspection pursuant to § 137.115[1] (Count VI).

Tyler filed a motion to dismiss Counts IV and VI on grounds Plaintiffs failed as a matter of law to allege facts showing Tyler owed Plaintiffs a duty of care. The circuit court overruled the motion to dismiss. Tyler filed a petition for a writ of prohibition and this Court issued a preliminary writ of prohibition.

**Prohibition**

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, § 4.1. This Court may issue a writ of prohibition:

> (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

---

[1] All statutory citations are to RSMo 2020, as supplemented.

2

*State ex rel. Wishom v. Bryant*, 673 S.W.3d 88, 93-94 (Mo. banc 2023). Prohibition is an appropriate remedy to avoid irreparable harm when the "plaintiff's petition does not state a viable theory of recovery, and relator was entitled to be dismissed from the suit as a matter of law." *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 330 (Mo. banc 2009) (internal quotation omitted).

## Standard of Review

A motion to dismiss for failure to state a claim tests whether the petition adequately alleged facts stating a recognized cause of action or one that may be adopted. *Id*. at 329. "When considering whether a petition fails to state a claim upon which relief can be granted, this Court must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader." *Tuttle v. Dobbs Tire & Auto Ctrs., Inc.*, 590 S.W.3d 307, 310 (Mo. banc 2019) (internal quotation omitted).

## Analysis

To state a negligence claim, the plaintiff must allege facts showing: "(1) the defendant had a duty to the plaintiff; (2) the defendant failed to perform that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury." *McComb v. Norfus*, 541 S.W.3d 550, 554 (Mo. banc 2018). The dispositive issue in this case is whether Plaintiffs alleged facts showing Tyler owed them a duty of care.

"Whether a duty exists is purely a question of law." *Tharp v. St. Luke's Surgicenter-Lee's Summit, LLC*, 587 S.W.3d 647, 654 (Mo. banc 2019) (internal quotation omitted). A duty of care may be imposed by statute or ordinance, assumed by contract, or arise pursuant to common law under the circumstances of the case. *Scheibel v. Hillis*, 531 S.W.2d 285,

3

288 (Mo. banc 1976).

Plaintiffs allege the "general reassessment process is statutorily driven" and requires the County assessor to complete various steps of the process by certain dates to enable timely administrative review of challenged assessments. As § 137.115.1 makes clear, the duty to "annually assess all real property" lies with the "assessor."[2] Consistent with this duty, the statutory notice and physical inspection requirements alleged by Plaintiffs are duties imposed on the "assessor," not private, third-party contractors like Tyler.

Plaintiffs' allegation that Tyler owed them a duty of care is premised on Tyler's performance of its contractual obligations to the County. This alleged duty, however, is foreclosed by the rule of privity, which generally provides a party to a contract owes "no duty to a plaintiff who was not a party to the contract where there was no privity or direct transaction between them." *Westerhold v. Carroll*, 419 S.W.2d 73, 76 (Mo. 1967).

The rule of privity exists for two reasons. First, it curtails "excessive and unlimited liability." *Id*. at 77. Second, it preserves the right to make contracts by not burdening the contracting parties "with obligations and liabilities to others which parties would not

---

[2] Chapter 137 does not define the term "assessor," but the context and plain meaning of the term refers to the elected or appointed officeholder responsible for assessing property for taxation. As § 53.010.1 makes clear, the "assessor" is a public office, not a private contractor. "The assessor's duty is "to assess all of the real and tangible personal property in the county in which he assesses at what he believes to be the actual cash value." § 53.030. The assessor is authorized to appoint deputies to carry out the assessor's official duties. §§ 53.060; 137.715. While Plaintiffs allege Tyler and its employees were "de facto" employees of the assessor, they do not allege Tyler and its employees were deputies appointed to carry out the assessor's official duties pursuant to § 53.060, § 137.715, or any other statute.

voluntarily assume." *Id*. (internal quotation omitted). While the rule of privity is not absolute, Missouri courts "have not relaxed" the rule in cases in which the two reasons for the rule are present. *Id*.

In this case, both reasons for the rule of privity are present, and Plaintiffs do not plead a recognized exception.[3] Disregarding the rule of privity and imposing tort liability in this case would subject Tyler to "excessive and unlimited liability" to a putative class consisting of an unknown number of individuals, corporations, and other legal entities owning real property located in the County. *Westerhold*, 419 S.W.2d at 77. Moreover, concluding Tyler is liable for the County's failure to meet its statutorily mandated duties would also disincentivize local government contractors from entering into service contracts by creating "obligations and liabilities to others which parties would not voluntarily assume." *Id*.[4]

Although the reasons for the rule of privity are present in this case, Plaintiffs argue the rule does not apply because they pleaded facts showing it was foreseeable Tyler's actions could result in unlawful assessments. Plaintiffs cite the *Restatement (Second) of*

---

[3] *Westerhold* noted the rule of privity generally does not apply to an architect's potential liability to third parties or to cases involving negligent acts posing an imminent danger, inherently dangerous products, fraud, collusion, warranties, or the negligent transmission of "telegrams." 419 S.W.2d at 77.

[4] In cases in which these two reasons are absent, the determination of whether a third party not in privity with the defendant may maintain a negligence action "involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to defendant's conduct, and the policy of preventing future harm." *Westerhold*, 419 S.W.2d at 81. This additional analysis is unnecessary because both reasons for the rule of privity are present in this case.

*Torts*, § 324A, and several Missouri cases declining to apply the rule of privity due to the foreseeability of harm under circumstances not present in this case.[5] Neither the Restatement nor the cited cases overcome the rule of privity and salvage Plaintiffs' negligence claims.

Section 324A does not apply because it is expressly limited to cases involving "liability to the third person for physical harm[.]" Plaintiffs allege economic damage from unlawful assessment, not physical harm. Plaintiffs' reliance on personal injury and wrongful death cases fails for the same reason.[6] The remaining cases Plaintiffs cite involve a third party's reliance on a defendant's performance of its contractual obligations.[7] Unlike this case, none of these cases involved potential "excessive and unlimited liability" in a class action or the assumption of "obligations and liabilities to others which parties would

---

[5] This Court has cited § 324A as an analytical guide for assessing negligence actions brought by third parties claiming a defendant's negligent performance of its contractual obligations created a foreseeable risk of harm giving rise to a tort duty of care. *See L.A.C. ex rel. D.C. v. Ward Parkway Shopping Ctr. Co.,* 75 S.W.3d 247, 263 (Mo. banc 2002); *J.M. v. Shell Oil Co.*, 922 S.W.2d 759, 765 (Mo. banc 1996).

[6] Plaintiffs cite the inapposite cases of *Brown v. Michigan Millers Mutual Insurance Co., Inc.*, 665 S.W.2d 630 (Mo. App. 1983) (personal injury), and *Kraus v. Hy-Vee, Inc.*, 147 S.W.3d 907 (Mo. App. 2004) (wrongful death).

[7] *See Children's Wish Found. Int'l, Inc. v. Mayer Hoffman McCann, P.C.,* 331 S.W.3d 648, 653 (Mo. banc 2011) (noting a third party, although not in privity, may have a negligence claim against a professional who renders an opinion upon which the third party relies); *Kaplan v. U.S. Bank, N.A.*, 166 S.W.3d 60, 71 (Mo. App. E.D. 2003) (holding lack of privity did not bar suit against defendant who dumped contaminated soil on the plaintiff's property because the defendant agreed to properly dispose of contaminated materials only at permitted landfills or on the defendant's property); *Miller v. Big River Concrete, LLC*, 14 S.W.3d 129, 131 (Mo. App. 2000) (holding lack of privity did not bar homeowners' suit against defendant who tested concrete and had reason to expect the homeowners would rely on the test results); *Aluma Kraft Mfg. Co. v. Elmer Fox & Co.*, 493 S.W.2d 378, 383 (Mo. App. 1973) (holding lack of privity did not bar suit against an accountant who prepared an audit because it was foreseeable the plaintiff would rely on the audit).

not voluntarily assume." *Westerhold*, 419 S.W.2d at 77. These cases do not implicate the reasons for the rule of privity and are distinguishable.

Plaintiffs also argue they pleaded facts showing Tyler owed them a common law duty because unlawful assessments were a foreseeable result of Tyler's alleged negligent conduct. "In the absence of a particular relationship recognized by law to create a duty, the concept of foreseeability is paramount in determining whether a duty exists." *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 156 (Mo. banc 2000). As established, however, the rule of privity tempers the common law foreseeability test by generally providing a party to a contract owes no tort duty to a plaintiff who was not a party to the contract. *Westerhold*, 419 S.W.2d at 76. As established, the pleaded facts demonstrate as a matter of law that the rule of privity applies and precludes finding Tyler owed a duty of care to Plaintiffs based on its contractual obligations to the County.

**Conclusion**

Tyler is entitled to dismissal of Counts IV and VI of Plaintiffs' first amended petition.[8] The preliminary writ is made permanent.[9]

_____
Zel M. Fischer, Judge

Russell, C.J., Fischer, Ransom, Wilson, Broniec,
and Gooch, JJ., and Wright, Sp.J., concur.
Powell, J., not participating.

_____

[8] Consistent with *State ex rel. Jackson County, v. Chamberlain*, SC100304, which was issued today and involves the same underlying lawsuit, dismissal also is warranted because Plaintiffs filed the underlying negligence action challenging legality of property tax assessments without first exhausting their statutory administrative remedies as required by chapters 137 and 138.
[9] No Rule 84.17 motions for rehearing shall be filed in this matter.

7