George Mark WILLIAMS Appellant,

v.

CITY OF KANSAS CITY, Mo., et al., Respondents.

No. WD 45667.

Missouri Court of Appeals, Western District.

Submitted July 8, 1992.

Decided Sept. 8, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 27, 1992.

Application to Transfer Denied Dec. 18, 1992.

Roy W. Brown, Bruce B. Brown, Kearney, for appellant.

Richard N. Ward, City Atty., Galen Beaufort, Asst. City Atty., Kansas City, for respondent City of Kansas City, Missouri.

Dale H. Close, Kevin E. Phillips, Kansas City Police Dept. Legal Advisor's Office, Kansas City, for respondents Berkley, Price, Tate, Paul and Dillingham.

Before KENNEDY, P.J. and SPINDEN and SMART, JJ.

SMART, Judge.

This case presents the issue of whether a claim under 42 U.S.C. § 1983 is stated for an alleged violation of due process rights when property which has been purchased at a city auction is taken from the buyer by the police department, and demand for return of the property is refused. Also presented on this appeal is whether the same conduct described above supports a cause of action for conversion. Plaintiff George Williams appeals from an order of the trial court dismissing his cause of action against the individual members of the Board of Police Commissioners ("Police Board") and granting the motion of the City of Kansas City ("City") for judgment on the pleadings. The judgment is affirmed in part, reversed in part, and remanded for further proceedings.

On December 18, 1989, George Williams purchased a 1975 Ford truck from the City of Kansas City for $2,000.00 at an auction. Williams claims that after replacing the tires and making various other repairs and improvements to the truck, the fair market value of the truck was approximately $7,500.00. On August 16, 1990, certain unnamed Kansas City police officers removed the truck from its position on the street and impounded it.[1] Williams' demand for return of the truck or reimbursement of the fair market value of the truck was denied. The City paid Williams a refund of his $2,000.00 sale price, but declined to pay anything additional. Williams filed a § 1983 action and a conversion action against the City and the Police Board. On March 14, 1991, the trial court dismissed all claims against the Police Board for failure to state a claim. On November 20, 1991, the trial court granted defendant City judgment on the pleadings.

In reviewing the order dismissing plaintiff's causes of action, this court examines the pleadings "allowing them their broadest intendment, treating all facts alleged as true and construing the allegations favorably to plaintiff." *Best v. Schoemehl*, 652 S.W.2d 740, 741 (Mo.App.1983).

### § 1983 Claim

Plaintiff argues that the trial court erred in sustaining the city's motion for judgment on the pleadings claiming that the officials of the city possess final authority to establish municipal policy with respect to the action ordered. 42 U.S.C. § 1983 allows a plaintiff to bring action against a municipality if the "action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dept. of Soc. Serv. of the City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). A municipality may also be sued under § 1983 "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Id.* 436 U.S. at 691, 98 S.Ct. at 2036. In short, municipal liability under § 1983 arises when action is taken pursuant to an official municipal policy or custom and results in a constitutional tort. *Id.*

To sufficiently state a cause of action against a municipality for a § 1983 claim, the plaintiff must allege with some degree of specificity the policy or custom which violates his or her constitutional rights. *See Munz v. Parr*, 758 F.2d 1254, 1259 (8th Cir.1985) (where the court held that bare allegations that the defendants had "established a 'practice' of concealing the unlawful acts of their officers and agents" constituted conclusory statements and were not sufficient to state a cause of action against the city or county). In the present case, plaintiff alleges in paragraph six of his first amended petition that "the City was acting by and through both the Finance Department, Division of Purchases and Supplies, and the Office of the City Attorney, Claims and Trial Division, to establish final municipal policy as applied to this course of action involving the Plaintiff as hereinafter set forth." This is as close as plaintiff comes to alleging a "policy or custom" implemented by defendant City which violated plaintiff's constitutional rights. Without some degree of specificity in pleading a "policy or custom," a cause of action does not exist against a municipality under § 1983. *Munz*, 758 F.2d at 1259; *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 755 F.Supp. 726 (N.D.Tex.1991). Here, Williams did not allege any specific policy or custom which violated his due process rights. He simply alleged that the City was working by and through the Finance Department and the Division of Pur-

---

1. Although the factual record is sketchy, apparently the reason the police impounded the vehicle from the street is that it was identified as a vehicle which had earlier been stolen from the original owner. The VIN had been altered. Plaintiff purchased the vehicle at a city auction. He had not titled or registered the vehicle at the time the police impounded it. Presumably, the police were not aware that plaintiff had purchased the vehicle at a city auction, nor were they aware of any person's claim of lawful ownership of the vehicle.

chases and Supplies to establish final municipal policy. Accordingly, the trial court did not err in granting defendant City judgment on the pleadings as to plaintiff's § 1983 claim.

 The same analysis can be applied when analyzing the § 1983 cause of action against the members of the Police Board. An action brought against a police official in his official capacity is equivalent to an action brought against the entity that the police official represents, provided the entity receives notice and an opportunity to be heard. *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985); *see also Leatherman,* 755 F.Supp. 726 (N.D.Tex.1991). Thus, this action is equivalent to an action brought against the Board of Police Commissioners of Kansas City, Missouri. To state a § 1983 cause of action against a public entity, plaintiff must allege some policy or custom which violates his or her constitutional rights. *See Munz,* 758 F.2d at 1259. Again, plaintiff does not allege any policy or custom which resulted in a deprivation of plaintiff's constitutional property rights implemented by the Police Board. Therefore, the trial court did not err in dismissing plaintiff's § 1983 claim against the individual members of the Police Board.

### Conversion Claim

Plaintiff's second count in his first amended petition alleges a conversion action for the removal of the truck from his premises and for the retention of the truck after demand was made by plaintiff. On appeal, plaintiff challenges the trial court's order on the conversion count only as to the City. No allegation of error is made as to the court's order dismissing the claim of conversion against the Police Board. Consequently, this court assumes plaintiff intended not to argue error in the dismissal

of the Police Board for the conversion claim. *See In re Marriage of Harrison,* 734 S.W.2d 934, 937 (Mo.App.1987).

 Williams does contend error, however, in the order for judgment on the pleadings in regard to the conversion action against the City. The tort of conversion has been defined as the "unauthorized assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights." *NIKA Corp. v. City of Kansas City,* 582 F.Supp. 343, 354 (W.D.Mo.1983). Although the status of plaintiff's legal title to the vehicle may have been uncertain, plaintiff may bring an action for conversion by showing his right to possession of the vehicle was superior to that of the City. Conversion may be proved by one of three ways: "by tortious taking; by any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to rights of owner; or by refusal to give up possession to owner on demand." *Lacks v. R. Rowland & Co., Inc.,* 718 S.W.2d 513, 517 (Mo.App.1986). A conversion must constitute an invasion of plaintiff's legal rights. *Osborn v. Chandeysson Electric Co.,* 248 S.W.2d 657, 663 (Mo.1952). The plaintiff claiming conversion must be entitled to immediate possession of the property. *Id.*

 In the present case, plaintiff alleges a conversion in two different respects: 1) the seizure of the truck by the police[2], and 2) the retention of the truck by the City after the demand of its return by plaintiff. On this appeal, plaintiff focuses his conversion claim against the City on the retention of the truck by the City. This court examines the pleadings in a light most favorable to plaintiff and grants to plaintiff the benefit of the broadest intendment of the words pleaded. Williams claims in paragraph eleven of his first

**2.** It is important to note in relation to any possible conversion claim against the City for the seizure of the truck that Kansas City police officers are generally not considered agents of the City. *See Hasenyager v. Bd. of Police Commissioners of Kansas City,* 606 S.W.2d 468, 472 (Mo.App.1980) (where this court stated "the function of Kansas City as to the Police Depart-

ment is limited to the yearly approval of its budget" and that "the City possesses no power or authority over police department personnel"). Furthermore, no § 1983 claim will be allowed against the City based on a theory of *respondeat superior. See Monell,* 436 U.S. at 691, 98 S.Ct. at 2036.

amended petition that "Defendants tortiously took possession of said vehicle from the Plaintiff—who had title to and/or a right to possess said vehicle—and/or refused to return said vehicle upon Plaintiff's demand or to fully compensate or otherwise protect Plaintiff for the fair market value of the vehicle." Plaintiff thus pleaded that he had a legal right to possess the vehicle, and that Defendant City refused to return the vehicle upon demand. He does not specifically plead that the City had control of the vehicle at the time of the demand, and that the City was capable of returning the vehicle to him, and intentionally failed to do so. However, plaintiff does plead that the City "refused" to return the vehicle, which is a sufficient allegation. *See Knight v. M.H. Siegfried Real Estate, Inc.,* 647 S.W.2d 811, 814 (Mo.App. 1982). The description of the City's action as a "refusal" implies that the City had possession or control of the vehicle and the capacity to return it. Therefore, giving plaintiff the benefit of every reasonable inference, this court holds that plaintiff has pleaded the essential elements of a cause of action for conversion. If the City was, at the time of the demand by plaintiff, incapable of returning the vehicle, such fact will be a defense to the action. *See St. Louis Fixture v. F.W. Woolworth Co.,* 88 S.W.2d 254, 260–263 (Mo.App.1935). But the City will have the burden of proving such defense, and plaintiff need not specifically plead the capacity to return the truck where it is reasonably inferred. Also, if plaintiff's legal right to possession was reasonably doubted by the City at the time the return to plaintiff's possession was refused, the City may have another defense. *See* 18 Am Jur 2d *Conversion* § 48. Since the record of the case at this point presents inadequate facts to resolve that issue, it is something which can be resolved only on remand. This case is reversed as to the conversion count pleaded by plaintiff against the City, and remanded to give plaintiff the opportunity to develop any evidence necessary to prove that the 1975 Ford truck was wrongfully withheld from Williams by the City and that Williams was entitled to immediate possession of the truck.[3]

### *Dismissal with Prejudice and Request to Amend Petition*

██ This court also considers plaintiff's contentions that the trial court erred in denying plaintiff an opportunity to amend his petition for a second time. The trial court granted leave to file a first amended petition March 14, 1991, at the same time as the court granted dismissal to the Board. This court has discovered no evidence in the record of any motion by Williams to amend his petition a second time. The City's Motion for Judgment on the pleadings was filed November 1, 1991. Under local court rule 33.5, the trial court was required to allow plaintiff 10 days after plaintiff's receipt of the motion in which to respond. By November 20, 1991, the date of the Court's order, plaintiff was out of time. Plaintiff's "Suggestions in Opposition to Defendant City's Motion for Judgment on the Pleadings," which were filed the same day as the date of the order, November 20, 1991, state that "[w]hether the Court sustains or overrules Plaintiff's [defendant city's] motion, Plaintiff will be seeking leave to amend." Realistically, the trial judge may never have had a chance to read plaintiff's suggestions in opposition before ruling on the matter, due to the fact that processing time is required to transfer a document from the civil intake desk to the division. In any event, the suggestions did not include a motion for leave to amend, but only an expression of an eventual desire to amend to plead an alternative count in fraud "because the City represented to Plaintiff that it had a right to sell and transfer title to the vehicle when it may not have had such a right." Plaintiff then indicated that, rather than amend at that time, he would prefer to conduct additional discovery before seeking leave to amend.

---

3. Since the case is remanded only to allow plaintiff to prove his claim of conversion against the City, plaintiff will not be permitted to resurrect any of the claims properly dismissed with prejudice in this matter. *Mahoney v. Doerhoff Surgical Services, Inc.,* 807 S.W.2d 503 (Mo banc 1991). The matters asserted in those claims are res judicata. *Id.*

If the trial court *did* read plaintiff's suggestions before ruling on the motion of the City, the trial court was nevertheless not obligated to grant leave to amend, since leave to amend had not been requested. In accordance with Rule 75.01, plaintiff had thirty days after the judgment was entered on November 20 to make a motion to set aside the judgment and to allow plaintiff to amend his pleadings. In the alternative, plaintiff could have moved the court to modify the judgment to make it a dismissal without prejudice, in which case plaintiff could have retained his cause of action against the City. Nothing in the record shows any motion by plaintiff to amend his petition, either before or after judgment.[4] Therefore, there can be no error on the part of the trial judge.

Plaintiff also contends that the trial court erred in dismissing his cause of action with prejudice. This court will not disturb the trial court's dismissal with prejudice absent a finding of a clear abuse of discretion by the trial court. *See Smith v. City of De Soto*, 634 S.W.2d 204, 205 (Mo. App.1982). Any involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue, or for failure to substitute a party for a decedent shall be with prejudice unless the court specifies otherwise. Rule 67.03. When a trial court concludes that pleadings do not state a cause of action, and when adequate opportunity to amend has been provided, it is not error for the trial court to dismiss with prejudice. *Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503 (Mo. banc 1991). Here, the dismissal was erroneous only as to the claim of conversion against the City, as discussed above. The balance of the petition was properly dismissed, both as to the Police Board and as to the City. This court finds no abuse of discretion by the trial court in dismissing plaintiff's other claims with prejudice.

**4.** One is not required to file a motion pursuant to Rule 75.01 prior to appealing a judgment of the trial court. However, here it is possible that the trial judge, at the time he ruled on the motion of the City, did not know that plaintiff might wish to amend. Whether or not the court

Judgment reversed as to the dismissal of Count II (conversion) of the first amended petition against the City, affirmed as to the dismissal of Count I against the City and as to the dismissal of all claims against the Police Board, and the case is remanded for trial or other disposition of Count II against the City of Kansas City.

All concur.

was aware of plaintiff's possible desire to explore other theories, it would make sense for plaintiff to request that the trial judge set aside the judgment, and allow leave to amend, or else modify the judgment of dismissal to make it a dismissal without prejudice.