Lisa P. Page, Presiding Judge
Jeffry K. Smith ("Smith") appeals the trial court's grant of summary judgment in favor of the Zoological Park Subdistrict of the Metropolitan Park Museum District ("Zoo") on the Zoo's petition seeking to permanently enjoin Smith from entering the Zoo with a firearm. We reverse and remand.
BACKGROUND
The Zoo is a political subdistrict of the state of Missouri. It is open to the public, free of charge, and averages twenty to thirty thousand visitors per day during the summer months. Zoo policy prohibits visitors from carrying firearms on Zoo property. Signs posted at the entrances state "No Firearms Or Weapons Allowed On This Property."
Smith is a gun rights activist who resides in Ohio. He carries an Ohio concealed handgun license. On May 31, 2015, Smith contacted the Zoo regarding its policy of prohibiting firearms on the Zoo's premises. On June 11, 2015, after multiple communications, Smith informed the Zoo he intended to enter the premises with a firearm on June 13, 2015. Thereafter, the Zoo obtained a temporary restraining order, enjoining Smith from entering the Zoo in possession of a firearm. Smith traveled to St. Louis and entered the Zoo carrying an empty holster.
The trial court held a two-day contested evidentiary hearing on the preliminary injunction. On February 19, 2016, the court entered a preliminary injunction, enjoining Smith from entering the Zoo in possession of a firearm. Thereafter, the Zoo filed a motion for summary judgment on its petition for permanent injunction. The trial court granted summary judgment in favor of the Zoo. This appeal follows.
DISCUSSION
In each of his four points on appeal, Smith challenges the trial court's judgment in favor of the Zoo. Smith's first two points on appeal challenge the trial court's decision to enter a permanent injunction; however, the trial court's ruling was actually in favor of the Zoo on its motion for summary judgment.[1] The confluence of injunctive relief and summary judgment presented the trial court with a unique procedural posture. However, each are extreme remedies, to be exercised with great caution and only in extraordinary circumstances. Therefore, we must carefully review the propriety of granting summary judgment on the Zoo's petition for permanent injunction.
Standard of Review
Summary judgment is reviewed de novo.
*896 ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp. , 854 S.W.2d 371, 376 (Mo. banc 1993). We will affirm the court's decision only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Id. We review the summary judgment record in the light most favorable to the party against whom judgment was entered. Id.
It is crucial that, "[g]reat caution must be exercised in granting summary judgment because it is an extreme and drastic remedy that borders on denial of due process in that the opposing party is denied its day in court." Walters Bender Strohbehn & Vaughan, P.C. v. Mason , 316 S.W.3d 475, 481 (Mo. App. W.D. 2010) (internal citation omitted).
Analysis
An injunction is a remedy, not a cause of action; thus, an injunction must be based on a recognized and pleaded legal theory.[2] Goerlitz v. City of Maryville , 333 S.W.3d 450, 455 (Mo. banc 2011) (citing Farm Bureau Town and Country Ins. Co. of Missouri v. Angoff , 909 S.W.2d 348, 354 (Mo. banc 1995) ); See also Section 526.040 RSMo (2016) ("Before any party shall be entitled to the injunction herein provided, he shall have filed in the circuit court, or in the office of the clerk thereof, having jurisdiction of the suit, his petition setting forth his cause of action ....") (emphasis added). The purpose of an injunction is to prevent actual or threatened acts that constitute real injury. Bates v. Webber , 257 S.W.3d 632, 636 (Mo. App. S.D. 2008) (internal citation omitted). To be entitled to an injunction, a party must demonstrate: 1) no adequate remedy at law; and 2) irreparable harm will result if the injunction is not awarded. Beauchamp v. Monarch Fire Prot. Dist. , 471 S.W.3d 805, 813 (Mo. App. E.D. 2015). Similar to summary judgment, a permanent injunction is an extraordinary and harsh remedy. Id. It should only be granted sparingly and in clear cases. Neaf v. Mallory , 622 S.W.2d 372, 373 (Mo. App. E.D. 1981) (internal citations omitted).
There are three phases of injunctive relief: 1) a temporary restraining order granted against a defendant with or without notice or hearing; 2) a temporary or preliminary injunction granted following notice and hearing; and 3) a permanent injunction following the final disposition of the merits of the case. Cook , 432 S.W.3d at 289 (internal citations omitted). Rule 92.02(c)(3) authorizes the trial court to consolidate the hearings on the preliminary and permanent injunctions. However, the preliminary injunction hearing is generally not considered a trial on the merits and does not merge the two proceedings. Id. (citing State ex rel. Cohen v. Riley , 994 S.W.2d 546, 548 (Mo. banc 1999) ). Instead, the fact that the rule contemplates evidence received at the hearing may be received into the record of the trial on the merits indicates the two proceedings should remain separate. Id.
An order properly consolidating the preliminary injunction hearing with a trial on the merits for a permanent injunction must be clear and unambiguous.
*897 Id. When balancing the trial court's consolidation of the proceedings with the principle of due process, we must consider whether sufficient notice was given to the party against whom the injunction is being entered. Id. A party must be afforded notice of the consolidation to provide a reasonable opportunity to present his evidence. Id. ; See also Estate of Hutchison v. Massood , 494 S.W.3d 595, 602 (Mo. App. W.D. 2016). Absent these due process requirements of the order and notice, the trial court may only adjudicate the merits of a claim for permanent injunction on the evidence presented at the hearing on a preliminary injunction if the parties consent. Id. (internal citations omitted) (emphasis added).
Here, in the absence of such consent, the trial court failed to consolidate the evidence from the two-day evidentiary hearing on the preliminary injunction into the proceedings on the permanent injunction with the proper deference to due process. The trial court simply granted summary judgment in favor of the Zoo on its request for permanent injunction. This is problematic because the Zoo solely sought injunctive relief without an underlying cause of action for a declaratory judgment. Thus, the Zoo was required to prove it lacked an adequate remedy at law and would suffer irreparable harm. Both issues were highly contested by the parties during the November 2015 evidentiary hearings on the preliminary injunction. As a result, the trial court was subsequently precluded from finding the critical element of summary judgment that there was no genuine issue of material fact for a permanent injunction.
Therefore, even though the Zoo might have been be entitled to declaratory judgment as a matter of law, this is not the relief prayed for to the trial court. Rather, the procedural posture of the specific relief the Zoo sought required a showing that there was no genuine issue of material fact as to the injunctive relief elements to be entitled to summary judgment. The summary judgment record before us is very clear those issues were not established by undisputed fact but were hotly controverted by the parties. Thus, summary judgment on the Zoo's claim for a permanent injunction was improper.
CONCLUSION
The trial court erred in granting summary judgment in favor of the Zoo. The judgment is reversed and remanded for further proceedings consistent with this opinion.
Roy L. Richter, J., concurs in a separate opinion.
Philip M. Hess, J., concurs.
I concur in the result, but would find that Smith is prohibited from carrying a weapon, concealed or not, onto the Zoo premises.
Smith contends that while Section 571.107 RSMo (2016)[1] prohibits carrying a concealed firearm in certain enumerated locations, he was not prohibited by law from openly carrying a firearm at the Zoo, and therefore the court erred in granting judgment in favor of the Zoo. I agree with the majority that the trial court erred in granting summary judgment on the Zoo's petition for permanent injunction because the issues of adequate remedy at law and irreparable harm were not established by undisputed fact. Instead, a genuine issue of material fact exists regarding each of the elements of injunctive relief. However, I *898 believe regardless of this issue of fact, Smith was prohibited by law from carrying a weapon, openly or concealed, onto the Zoo's premises.
Pursuant to Section 571.107.1, a concealed carry permit issued pursuant to Missouri statute or issued by another state "shall authorize a person in whose name the permit or endorsement is issued to carry concealed firearms on or about his or her person or vehicle throughout the state." The statute then sets forth an express limitation on this authorization prohibiting a person from carry concealed firearms into seventeen different enumerated locations. According to Smith, Section 571.107 concerns only the concealed carry of a firearm into the named locations. He contends openly carrying a firearm into these locations is allowed by law and not covered by any of the exceptions set forth in Section 571.107. Smith's argument ignores the plain language of Section 21.750 and the basic tenets of statutory construction.
Section 21.750 was initially enacted by the legislature and substantively amended in 2014, preempting "the entire field of legislation touching in any way firearms ... to the complete exclusion of any order, ordinance or regulation by any political subdivision of this state."[2] In addition, Section 21.750.3(2)(a) states in relevant part that the open carrying of a firearm shall not be prohibited if a person has a valid concealed carry permit from Missouri or another state that is recognized by Missouri in his possession at all times.
Statutory construction is a question of law. Anderson ex rel. Anderson v. Ken Kauffman & Sons Excavating, L.L.C., 248 S.W.3d 101, 106 (Mo. App. W.D. 2008) (citing Delta Air Lines, Inc. v. Dir. of Revenue, 908 S.W.2d 353, 355 (Mo. banc 1995) ). "The primary object of statutory interpretation is to ascertain the intent of the legislature from the language used." Id. (citing United Pharmacal Co. of Mo., Inc. v. Mo. Bd. of Pharmacy, 208 S.W.3d 907, 909 (Mo. banc 2009) ). In determining legislative intent, we give words used in the statute their plain and ordinary meaning. Id. If the plain meaning would lead to an illogical result, we look past the plain language of the statute. Id.
Here, if read in isolation, the plain language of Section 21.750 initially appears to be unambiguous and allow for the open carry of a firearm if an individual has a valid concealed carry permit. However, this does not end our analysis. The reference to a "valid" concealed carry permit requires us to examine Section 21.750 in conjunction with Section 571.107 and its limitations on locations in which concealed carrying a firearm is permitted.
As previously noted, Section 571.107.1 enumerates seventeen locations where concealed carry permits do not authorize permit holders to carry a concealed firearm. Relevant to the present case, subsection (13) prohibits the concealed carry of a firearm into "[a]ny gated area of an amusement park." Section 571.107.1(13) specifically states, "[p]ossession of a firearm in a vehicle on the premises of the amusement park shall not be a criminal offense so long as the firearm is not removed from the vehicle or brandished while the vehicle is on the premises."
*899 As a general rule, statutes relating to the same subject matter should be construed harmoniously. Anderson ex rel. Anderson, 248 S.W.3d at 107 (internal citation omitted). Where two statutes covering the same subject matter are unambiguous when read separately, but conflict when read together, we must attempt to harmonize the provisions and give effect to both. Id. In addition, if one statute deals with a particular subject in a general way and the second statute deals with the subject matter in a more specific way, the more specific provision prevails. Id. at 107-08.
It is clear the general provisions of Section 21.750 premising the open carry of a firearm upon a valid concealed carry permit should give way to the more specific limitation on locations where a concealed carry permit authorizes an individual to concealed carry a firearm in Section 571.107. In addition, we note it is presumed the legislature did not use superfluous language in a statute. Anderson ex rel. Anderson, 248 S.W.3d at 108. Therefore, we must infer the word "valid" was not gratuitous and the legislature intentionally used the word in its reference to concealed carry permits in Section 21.750.
If the right to open carry a firearm under Section 21.750 is premised upon a valid concealed carry permit, it necessarily requires examination of Section 571.107. The limitation on location, particularly upon the mere possession of a firearm in the gated area of an amusement park in Section 571.107.1(13), inexorably relates to the validity of an individual's concealed carry permit. The plain meaning of "valid" is "having legal efficacy or force; especially: executed with the proper legal authority and formalities." Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/valid; See also Schwab v. National Dealers Warranty, Inc., 298 S.W.3d 87, 90 (Mo. App. E.D. 2009) ("We consult standard English language dictionaries to determine the plain and ordinary meaning of words.").
An individual's permit is not valid where the permit is specifically not recognized and in fact the action subject to the permit is prohibited by law. Thus, when the limitations of Section 571.107 are read together with the plain language of Section 21.750, it is clear the legislature would not have intended the incongruous result that where individuals are prohibited by law from concealed carrying firearms in certain places those individuals could open carry a firearm into such locations. Instead, we believe the legislature's intent in enacting Section 21.750, which premises the right to open carry a firearm upon a valid concealed carry permit, was to limit open carrying of firearms in the same way concealed carrying is limited by Section 571.107.
One such area in which concealed carry permits are not valid under Section 571.107 is an amusement park. The undisputed facts in this case establish the Zoo offers amusement rides and attractions within its gated campus. Both the Zoo and Smith cite to the Merriam-Webster dictionary definition of "amusement park." The online dictionary defines the term as, "a commercially operated park having various devices for entertainment (such as a merry-go-round and roller coaster) and usually booths for the sale of food and drink." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/amusement% 20park. The undisputed facts in the summary judgment record show the Zoo offers a sea lion show, the Conservation Carousel (a mechanical merry-go-round), the Zooline Railroad, a 4-D theater, movies, an interactive stingray exhibit, and concerts among its attractions. In addition, it is undisputed the *900 Zoo has concessions serving food and drinks. Based upon these undisputed facts, we conclude the Zoo qualified as an amusement park for purposes of the exception to the concealed carry permit set forth in Section 571.107.1(13).
Reading Section 571.107 in conjunction with Section 21.750, I agree that Smith was prohibited by law from carrying a firearm into the Zoo under Section 571.107.1(13). Such prohibition applies equally to open carrying or concealed carrying a firearm as a result of the requirement that open carrying be premised on a valid concealed carry permit per Section 21.750.

This distinction is significant because the standard of review in a court-tried equity action differs from our review of the grant of summary judgment. We review the court's judgment in an equity action to determine only whether there was substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Cook v. McElwain , 432 S.W.3d 286, 289 (Mo. App. W.D. 2014) (internal citation omitted).

We note that in the present case, the Zoo did not adequately plead a separate underlying cause of action in its petition for permanent injunction. Instead, the Zoo merely included three paragraphs of conclusory language regarding Smith's alleged violation of the Carry Statute, Section 571.107 RSMo (2016). This was insufficient to satisfy the pleading requirement. See State ex rel. Weatherby v. Dick & Bros. Quincy Brewing Co. , 192 S.W. 1022, 1024 (Mo. 1917) (petition for injunction must set forth facts to support underlying cause of action, mere legal conclusions are insufficient). However, Smith failed to raise this issue on appeal.

All further statutory references are to RSMo (2016).

Prior to this provision, Section 15.130.040 of the St. Louis City Ordinances stated, "[n]o person, in any place of public accommodation or at any public gathering or on any public property, street or thoroughfare, shall carry on or about his person, any firearm, pistol, revolver, shotgun, rifle or springbuck knife, or other weapon proscribed under Section 564.610 Missouri Revised Statutes, exposed in whole or in part to view." The ordinance was preempted by Section 21.750.