

# In the Missouri Court of Appeals
## Eastern District
### WRIT DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel., | ) | No. ED107482 |
| KIMBERLY M. GARDNER, CIRCUIT | ) | |
| ATTORNEY OF THE CITY OF ST. LOUIS, | ) | |
| | ) | Writ of Prohibition |
| Relator, | ) | |
| | ) | City of St. Louis Circuit Court |
| vs. | ) | Cause No. 1822-CC11132 |
| | ) | |
| HONORABLE MICHAEL F. STELZER, | ) | |
| CIRCUIT JUDGE, DIVISION SIX, | ) | |
| TWENTY-SECOND CIRCUIT, | ) | |
| | ) | |
| Respondent. | ) | FILED:  February 13, 2019 |

### OPINION

Relator, Kimberly M. Gardner, Circuit Attorney of the City of St. Louis  (Circuit Attorney) seeks a Writ of Prohibition to prevent Respondent, the Honorable Michael F. Stelzer (Respondent or Judge Stelzer) from enforcing his order of December 18, 2018, denying Circuit Attorney's Motion to Quash Subpoena of Chris Hinckley, Chief Warrant Officer for the Circuit Attorney Office (Hinckley), and denying Circuit Attorney's Motion to Dismiss St. Louis Metropolitan Police Officer John Doe's (John Doe) underlying Motion for Temporary Restraining Order and Permanent Injunction (TRO Motion).

Circuit Attorney also filed Suggestions in Support of Writ of Prohibition, Exhibits, and Motions to Seal Exhibits.  This court issued a Preliminary Order in Prohibition and sealed the exhibits.  Respondent filed a Combined Motion to Dismiss and Suggestions in Opposition and

Exhibits.[1]  We dispense with further briefing as permitted by Rule 84.24(i).  We make the Preliminary Order in Prohibition permanent.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 4, 2018, John Doe filed a TRO Motion against Circuit Attorney and the St. Louis Police Department alleging that on August 28, 2018, he and several other officers of the St. Louis Metropolitan Police Department were placed on an "exclusion list" by Circuit Attorney without explanation and alleged this was detrimental to his job, reputation, and promotion. John Doe filed a (TRO Motion) prohibiting the dissemination of this "exclusion list" to the public and demanded that the Circuit Attorney be required to indicate the reasoning and procedures established for inclusion on this list.

On September 5, 2018, Circuit Attorney filed a Motion to Dismiss this action based on the insufficiency of the TRO Motion, alleging that the TRO Motion failed to state a claim upon which relief can be granted because John Doe failed to state a cognizable claim.  Both the TRO Motion and Circuit Attorney's Motion to Dismiss were heard on September 6, 2018, by Judge Stelzer without a record.

On September 6, 2018, Judge Stelzer issued an order granting the TRO Motion, which prohibited the voluntary dissemination of the exclusion list, and denied Circuit Attorney's Motion to Dismiss.

On October 4, 2018, Circuit Attorney filed a Consent Memorandum, consenting to a permanent order and agreeing to keep confidential and refrain from disseminating the exclusion list.  Neither the September 6, 2018, order granting the TRO Motion nor the October 4, 2018,

---

[1]  Respondent's Combined Motion to Dismiss was filed by attorneys representing John Doe and the St. Louis Police Officers Association.  This court is unaware of any order granting leave for the St. Louis Police Officers Association to intervene in this action.

2

consent memorandum addressed John Doe's request for an order mandating Circuit Attorney to provide the reasons or procedures for the placement of officers' names onto the exclusion list.

On December 6, 2018, Hinckley was served with a subpoena to appear for deposition regarding the exclusion list. On December 7, 2018, Circuit Attorney filed objections and a Motion to Quash Subpoena based on work product, privilege grounds, and infringement of her discretion and authority as elected circuit attorney. On December 18, 2018, Judge Stelzer summarily denied this Motion to Quash after hearing without a record. On January 7, 2019, Circuit Attorney filed this Writ of Prohibition with Suggestions in Support and Exhibits. On January 8, 2019, we issued a Preliminary Order in Prohibition directing Judge Stelzer to refrain from all action in Cause No. 1822-CC11132 until further notice. Thereafter, Judge Stelzer, John Doe, and the St. Louis Police Officers Association filed their Combined Motion to Dismiss and Suggestions in Opposition with attached Exhibits.

## II. STANDARD OF REVIEW

"The writ of prohibition, an extraordinary remedy, is to be used with great caution and forbearance and only in cases of extreme necessity." State ex rel. Gardner v. Boyer, 561 S.W.3d 389, 394 (Mo. banc 2018) (quoting State ex rel. Douglas Toyota III, Inc. v. Keeter, 804 S.W.2d 750, 752 (Mo. banc 1991)). "The essential function of prohibition is to correct or prevent inferior courts and agencies from acting without or in excess of their [authority or] jurisdiction." Id. "Prohibition is a discretionary writ that may be issued to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent the exercise of extra-jurisdictional authority." State ex rel. Akers v. Hardy-Senkel, 554 S.W.3d 532, 534 (Mo. App. E.D. 2018). Prohibition will lie if a "petition does not state a viable theory of recovery, and relator was entitled to be dismissed from the suit as a matter of law." State ex rel. Henley v. Bickel, 285 S.W.3d 327, 330

(Mo. banc 2009) (quoting State ex rel. Union Elec. Co. v. Dolan, 256 S.W.3d 77, 81 (Mo. banc 2008)) (internal quotations omitted). Thus, "[i]n the context of a motion to dismiss for failure to state a cause of action, it has long been held that where a petition reveals that the pleader has not stated and cannot state a cause of action of which the circuit court would have jurisdiction, then prohibition will lie." Id. (internal quotations omitted). "If the complaint is insufficient to justify court action, it is fundamentally unjust to force another to suffer the considerable expense and inconvenience of litigation in addition to being a waste of judicial resources and taxpayer money." State ex rel. Church & Dwight Co., Inc. v. Collins, 543 S.W.3d 22, 26 (Mo. banc 2018) (quoting State ex rel. Union Elec., 256 S.W.3d at 81).

## III. DISCUSSION

In this Writ of Prohibition, Circuit Attorney argues that Judge Stelzer abused his discretion in refusing to grant Circuit Attorney's Motion to Dismiss the TRO Motion filed by John Doe due to the inadequacy of the TRO Motion. Specifically, she alleges that the TRO Motion failed to plead facts invoking substantive principles of law that entitled John Doe to relief. We agree and find that John Doe's underlying TRO Motion is patently insufficient such that Judge Stelzer abused his discretion in not granting Circuit Attorney's Motion to Dismiss. Given this conclusion, we also find the failure of Judge Stelzer to quash the subpoena and deposition of Hinckley was an abuse of discretion.

"The purpose of an injunction is to prevent actual or threatened acts that constitute real injury." Zoological Park Subdistrict of the Metropolitan Park Museum District v. Smith, 561 S.W.3d 893, 896 (Mo. App. E.D. 2018). "An indispensable requirement for obtaining injunctive relief is the wrongful and injurious invasion of some legal right." Camden County ex rel. Camden County Com'n v. Lake of Ozarks Council of Local Governments, 282 S.W.3d 850, 858

4

(Mo. App. S.D. 2009). "To be entitled to an injunction, a party must demonstrate: 1) no adequate remedy at law; and 2) irreparable harm will result if the injunction is not awarded." Zoological Park Subdistrict, 561 S.W.3d at 896. "[O]ne seeking injunctive relief on grounds of irreparable damage and lack of adequate remedy at law must plead irreparable injury and inadequate legal remedy as traversable facts, not mere conclusions." Aust v. Platte County, 477 S.W.3d 738, 744-45 (Mo. App. W.D. 2015) (quoting J.H. Fichman Co. v. City of Kansas City, 800 S.W.2d 24, 28 (Mo. App. W.D. 1990)) (internal quotations omitted). "An injunction is a remedy, not a cause of action; thus, an injunction must be based on a recognized *and pleaded* legal theory." Id. (emphasis added); see also Section 526.040 RSMo 2000 ("Before any party shall be entitled to the injunction herein provided, he shall have filed in the circuit court, or in the office of the clerk thereof, having jurisdiction of the suit, his petition setting forth his cause of action."). In the context of a motion to dismiss a petition for failure to state a cause of action, the court considers whether "the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." State ex rel. Henley, 285 S.W.3d at 329 (quoting Bosch v. St. Louis Healthcare Network, 41 S.W.3d 462, 464 (Mo. banc 2001)). To survive the motion to dismiss, the petition must plead facts that "invoke substantive principles of law entitling [the petitioner to relief]." Id.

Here, John Doe did not adequately plead an underlying cause of action. The purported invasion of his legal rights was discussed in a single paragraph of the TRO Motion, Paragraph 7. Therein, he asserted that the placement of his name on the exclusion list "does potential harm and damage" to his reputation, constitutes a "defamation of his…character, impedes the ability to perform current employment duties, jeopardizes potential for advancement and promotion[,] and violates [his] due process rights." These assertions are "broad, conclusory statements of fact and

legal conclusions," and John Doe failed to identify how these facts state a claim. Camden County ex rel. Camden County Com'n, 282 S.W.3d at 858. Moreover, they fail to invoke "substantive principles of law entitling [John Doe] to relief," and do not "meet the elements of a recognized cause of action." State ex rel. Henley, 285 S.W.3d at 329. Here, as the TRO Motion's conclusory allegations failed to plead a separate underlying cause of action, they were inadequate to satisfy the pleading requirements for a petition for injunction. See Zoological Park Subdistrict, 561 S.W.3d at 895 n.2. As a result, John Doe's TRO Motion was patently insufficient, and Judge Stelzer abused his discretion in denying Circuit Attorney's Motion to Dismiss. Given this disposition, it follows that Judge Stelzer also abused his discretion in denying Circuit Attorney's Motion to Quash Subpoena of Hinckley.

We further note that in the Combined Motion to Dismiss and Suggestions in Opposition filed by Judge Stelzer, John Doe, and the St. Louis Police Officers Association on January 22, 2019, they argued that if this Court were to find that the TRO Motion was insufficient, then the proper remedy would be to allow them to file an amended petition. They attached Exhibit A, which was a Motion for Leave to File an Amended Petition, and Exhibit B, an Amended Petition for Temporary Restraining Order. Because our Preliminary Order in Prohibition was in effect, leave could not be granted to file an amended petition and we therefore cannot consider the sufficiency of any proposed amended petition.

Thereafter, the Circuit Attorney filed a supplemental record reflecting that in violation of this court's preliminary order in prohibition, the trial court entered orders on January 22, 2019. Our preliminary order in prohibition was clear. The Respondent was ordered to refrain from all action. The orders entered by Respondent on January 22, 2019 are void and of no effect.

## IV. CONCLUSION

Based upon the foregoing, we find that the facts pleaded in the TRO Motion were insufficient in alleging a cause of action, and thus Judge Stelzer's refusal to grant Circuit Attorney's Motion to Dismiss was an abuse of discretion. Therefore, the Preliminary Order in Prohibition is Made Permanent. Judge Stelzer is directed to vacate that portion of the September 6, 2018 order denying Circuit Attorney's Motion to Dismiss and grant the Motion to Dismiss without prejudice. Judge Stelzer is also ordered to vacate the December 18, 2018 order and grant the Motion to Quash the subpoena of Hinckley.

_____
Honorable Mary K. Hoff

Sherri B. Sullivan, Judge and Lisa P. Page, Chief Judge:  Concur

7