

# In the Missouri Court of Appeals
## Eastern District

<u>**DIVISION TWO**</u>

| | | |
|---|---|---|
| SHARON SMITH, et al., | ) | No. ED109668 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of Washington County |
| vs. | ) | 19WA-CC00334 |
| | ) | |
| JULIA L. STEWART, | ) | Honorable Troy K. Hyde |
| | ) | |
| Respondent. | ) | Filed:  April 12, 2022 |

Sharon Smith (individually "Plaintiff Sharon Smith"), Rebecca Howell (individually "Plaintiff Howell"), and Margaret Smith (individually "Plaintiff Margaret Smith") (collectively "Plaintiffs") appeal the judgment granting Julia L. Stewart's (individually "Defendant Stewart" or "Defendant") motion to dismiss Plaintiffs' petition seeking declaratory relief, injunctive relief, and specific performance relating to a parcel of residential property.  The trial court dismissed Plaintiffs' petition with prejudice for failure to state a claim upon which relief may be granted.

As explained in detail below, we affirm the trial court's judgment to the extent the court found Plaintiffs' petition should be dismissed for failure to state a claim upon which relief may be granted.  However, we reverse the trial court's judgment to the extent the court dismissed Plaintiffs' petition *with prejudice*.  Additionally, we remand the case with instructions to the trial court to enter an order reflecting the dismissal of Plaintiffs' petition is *without prejudice*; with instructions to the trial court to give Plaintiffs the opportunity to amend their petition; and for further proceedings consistent with this opinion.

# I.     BACKGROUND

## A.     Plaintiffs' Petition and the Allegations Therein

Plaintiffs filed the petition at issue in this case – their original petition – on September 23, 2019.  Because this appeal involves a dismissal by the trial court for failure to state a claim upon which relief may be granted, we begin by setting out the relevant factual allegations of Plaintiffs' petition and the exhibits attached thereto.[1]

Plaintiff Margaret Smith is the daughter of Plaintiff Sharon Smith and is Defendant Stewart's niece.  Plaintiff Sharon Smith, Plaintiff Howell, and Defendant Stewart are siblings, and their mother Dorothy A. Watson ("Mother") passed away in August 2015.  Prior to Mother's death, she owned a parcel of residential property located at 704 East High Street in Potosi, Missouri ("Mother's Residence").

Plaintiffs' petition alleges Defendant Stewart has an enforceable contractual obligation to immediately sell Mother's Residence to Plaintiff Margaret Smith and Defendant breached such obligation.  The basis of Plaintiffs' petition pertains to three agreements relating to the distribution of properties, which were entered into following Mother's death: an August 2016 Watson-Casey Agreement; a December 2016 Settlement Agreement; and a December 2017 addendum to the December 2016 Settlement Agreement.

The August 2016 Watson-Casey Agreement was entered into on or about August 5, 2016 by Plaintiff Sharon Smith, Plaintiff Howell, and Defendant Stewart (all individually and as successor trustees of their Mother's trust)[2]; "Casey LLC"; and "members of the Casey family"

---

[1] *See Tolu v. Reid*, 639 S.W.3d 504, 510 n.1, 514, 538 (Mo. App. E.D. 2021) (in an appeal involving a dismissal by the trial court for failure to state a claim upon which relief may be granted, our Court "draw[s] the relevant factual and procedural history from the factual assertions in the dismissed . . . petition and the exhibits attached thereto, as we are required to assume all facts alleged in the petition are true"); *see also* Missouri Supreme Court Rule 55.12 (effective from September 1, 1973 to the present) ("Rule 55.12") (providing "[a]n exhibit to a pleading is a part thereof for all purposes").

[2] The official name of Mother's trust is "the Dorothy A. Watson Surviving Grantor's TrustU/William H. Watson and Dorothy A. Watson Revocable Trust dated 8/6/93."

("Watson-Casey Agreement"). While the Watson-Casey Agreement is not attached as an exhibit to Plaintiffs' petition, at least some of its alleged terms are referred to in the petition and the exhibits attached thereto. Taking Plaintiffs' allegations in their petition and the exhibits attached thereto as true and viewing all reasonable inferences therefrom in their favor,[3] the Watson-Casey Agreement allegedly provides Plaintiff Sharon Smith, Plaintiff Howell, and Defendant Stewart would receive multiple parcels of real property, including Mother's Residence, which are collectively referred to as the "Watson Properties."

The second agreement relevant to Plaintiffs' petition and the distribution of properties – a settlement and mutual release agreement – was entered into on or about December 27, 2016 by Plaintiff Sharon Smith, Plaintiff Howell, and Defendant Stewart ("Settlement Agreement"). The Settlement Agreement is referenced in and attached to the petition as an exhibit and provides in relevant part that, (1) "the effective date of this Settlement Agreement and all transactions consummated in connection herewith, shall be on or before January 5, 2017, unless otherwise expressly provided herein (the 'Effective Date')" (emphasis omitted); (2) promptly after, *inter alia*, the Effective Date, the parties shall cause Mother's Residence to be titled solely in the name of Defendant Stewart; and (3) Defendant Stewart is obligated to sell Mother's Residence to Plaintiff Margaret Smith for $170,000.00 subject to closing adjustments and prorations *if* Plaintiff Margaret Smith successfully closed on the property on or before the effective date of June 1, 2017 *or if* Plaintiff Margaret Smith's failure to close on or before June 1, 2017 was through the fault of Defendant.

---

[3] *See Tolu*, 639 S.W.3d at 510 n.1, 514, 538 and Rule 55.12 (set out in relevant part in footnote 1 of this opinion); *Amalaco, LLC v. Butero*, 593 S.W.3d 647, 650-51 (Mo. App. E.D. 2019) (in reviewing a motion to dismiss for failure to state a claim, we assume all of the plaintiffs' allegations in the petition are true and view all reasonable inferences therefrom in favor of the plaintiffs). To avoid unnecessary repetition, footnotes, or citations, all further references to this portion of the standard of review as applied specifically to Plaintiffs' allegations in their petition and the exhibits attached thereto are supported by *Tolu*, Rule 55.12, and *Amalaco*.

The third and final agreement relevant to Plaintiffs' petition and the distribution of properties – an addendum to the December 2016 Settlement Agreement – was entered into on or about December 27, 2017 by Plaintiff Sharon Smith, Plaintiff Howell, and Defendant Stewart ("Addendum"). The Addendum is referenced in and attached to the petition as an exhibit and provides in relevant part that, (1) "[t]he Effective Date of the Settlement Agreement shall be the date upon which the closing of the transactions contemplated by the Watson-Casey Agreement occurs"; (2) "any reference in the Settlement Agreement to any obligation being performed on or before the Effective Date shall mean the date upon which the closing of the transactions contemplated by the Watson-Casey Agreement occurs"; and (3) "[e]xcept as expressly set forth herein, the Settlement Agreement shall remain unmodified, unamended and in full force and effect."

Taking Plaintiffs' allegations as true and viewing all reasonable inferences therefrom in their favor, Plaintiffs' petition seeks declaratory relief, injunctive relief, and specific performance. Plaintiffs' petition specifically alleges Defendant Stewart has an enforceable contractual obligation to immediately sell Mother's Residence to Plaintiff Margaret Smith and Defendant breached such obligation because, (1) the Addendum to the Settlement Agreement "extended the closing date for the transactions contemplated by [the Settlement] Agreement, including the sale of [Mother's] [R]esidence to Plaintiff Margaret Smith, until a time when there was a closing on all propert[y] [transactions], which were subject to certain litigation and . . . [contemplated by] the Watson-Casey Agreement"; (2) "recently the real estate exchanges as required in the Watson-Casey Agreement were substantially completed so that title to 'Mother's [R]esidence' . . . transferred to Defendant [Stewart]"; and (3) "Plaintiffs have made requests upon Defendant Stewart to close [on Mother's Residence] and Defendant [ ] has failed and refused to do so . . .."

4

**B.      Defendant's Motion to Dismiss and Subsequent Procedural Posture**

On January 14, 2020, Defendant Stewart filed a motion to dismiss Plaintiffs' petition, or, in the alternative, for a more definite statement ("motion to dismiss"). Defendant's motion to dismiss asserts Plaintiffs' petition fails to state a claim because, *inter alia*, although the petition alleges the Addendum to the Settlement Agreement extended the closing deadline for the sale of Mother's Residence from June 1, 2017 to the date of when there was a closing on all property transactions contemplated by the Watson-Casey Agreement, "Plaintiffs fail to specify the date of [such] closing [related to] the Watson-Casey Agreement, [so] that [Defendant] Stewart cannot determine whether Plaintiffs have satisfied any and all conditions required for the sale of [ ] Mother's Residence." Notably, Defendant's motion to dismiss did not request Plaintiffs' petition to be dismissed with prejudice.

After various motions were filed by the parties and Plaintiffs' original attorney withdrew from the case, a second attorney entered his appearance for Plaintiffs on November 6, 2020 ("Plaintiffs' second attorney"). Subsequently, hearings on Defendant's motion to dismiss were continued multiple times, including at least once due to the Covid-19 pandemic.

On March 16, 2021, Defendant's counsel filed a notice of hearing for Defendant's motion to dismiss to be heard on April 15, 2021. Three days before the hearing (on April 12), Plaintiffs' second attorney filed a motion to withdraw but did not file a notice of hearing on the motion. The trial court granted the motion to withdraw the day after it was filed (on April 13, 2021), without a hearing.

Three relevant docket entries took place the next day (on April 14). First, the trial court entered a docket entry, which states, "[the] court notes [Plaintiffs' second attorney] has withdrawn as attorney of record and orders all parties to appear for hearing on April 15th, 2021 [at] 9:00 a.m. Clerk to notify[.]" (emphasis omitted). Second, Defendant's counsel filed a

5

memorandum with the court, asking for Defendant's motion to dismiss to still be heard on April 15 whether or not Plaintiffs appeared.  And third, Plaintiffs' second attorney filed a motion, on behalf of Plaintiffs, requesting the April 15 hearing on the motion to dismiss to be continued "for thirty days to allow Plaintiffs time to seek new counsel."

On April 15, and without the presence of Plaintiffs, nor any counsel on their behalf, the trial court heard Defendant's motion to dismiss.  The next day (on April 16), the trial court entered an order denying Plaintiffs' motion for a continuance of the April 15 hearing and a judgment dismissing Plaintiffs' petition with prejudice for failure to state a claim upon which relief may be granted.

Subsequently on April 16, new counsel entered his appearance for Plaintiffs.  Plaintiffs then filed a motion for leave to file an amended petition, a motion to set aside the judgment dismissing their petition with prejudice, and a motion for a new trial.  After those motions were denied, the judgment dismissing Plaintiffs' petition with prejudice for failure to state a claim upon which relief may be granted became final, and this appeal followed.

## II.    DISCUSSION

Plaintiffs bring five points on appeal challenging the trial court's judgment dismissing Plaintiffs' petition with prejudice for failure to state a claim upon which relief may be granted. Plaintiffs' first through fourth points on appeal assert the trial court's judgment is erroneous to the extent it found Plaintiffs' petition should be dismissed for failure to state a claim upon which relief may be granted.  Plaintiffs' fifth point on appeal, which sets forth an alternative argument to their first through fourth points, contends the trial court erred in dismissing Plaintiffs' petition *with prejudice* and without giving Plaintiffs the opportunity to amend their petition.

6

**A.** **Whether the Trial Court's Judgment is Erroneous to the Extent it Found Plaintiffs' Petition Should be Dismissed for Failure to State a Claim**

Plaintiffs' first through fourth points on appeal assert the trial court erred in finding Plaintiffs' petition should be dismissed for failure to state a claim. For the reasons discussed below, we disagree.

**1.** **Standard of Review and General Law Pertaining to the Relief Sought in Plaintiffs' Petition**

This Court reviews *de novo* the trial court's grant of a motion to dismiss. *Amalaco, LLC v. Butero*, 593 S.W.3d 647, 650 (Mo. App. E.D. 2019). We review a motion to dismiss for failure to state a claim upon which relief may be granted solely to determine the adequacy of the plaintiffs' petition. *Id*. at 650-51. The petition must allege facts that, if true, meet the elements of any recognizable cause of action. *See id*. at 651.

We assume all of the plaintiffs' allegations in the petition are true and view all reasonable inferences therefrom in favor of the plaintiffs. *Id*. Additionally, our Court "consider[s] exhibits attached to the petition as a part of the allegations when it reviews a trial court's grant of a motion to dismiss." *Tolu v. Reid*, 639 S.W.3d 504, 514 (Mo. App. E.D. 2021) (citation and internal quotation omitted); *see also* Missouri Supreme Court Rule 55.12 (effective from September 1, 1973 to the present) (providing "[a]n exhibit to a pleading is a part thereof for all purposes"). Therefore, if the petition and the exhibits attached thereto allege any set of facts that, if proven, would entitle the plaintiffs to relief, then the plaintiffs' petition is adequate. *Id*.; *Brewer v. Cosgrove*, 498 S.W.3d 837, 843 (Mo. App. E.D. 2016). However, we disregard conclusory allegations that are not supported by the facts. *Dibrill v. Normandy Associates, Inc.*, 383 S.W.3d 77, 90 (Mo. App. E.D. 2012).

In this case, Plaintiffs' petition seeks declaratory relief, injunctive relief, and specific performance. "A petition states a claim for declaratory judgment if the court is presented with

[, *inter alia*,] a controversy ripe for judicial determination." *Graves v. Missouri Department of Corrections, Division of Probation and Parole*, 630 S.W.3d 769, 772-73 (Mo. banc 2021) (citation omitted). Additionally, in order to state a claim for injunctive relief or specific performance, which are both remedies for a cause of action, plaintiffs must plead, *inter alia*, facts that invoke substantive law entitling them to relief on a recognized and pleaded legal theory. *See State ex rel. Gardner v. Stelzer*, 568 S.W.3d 48, 51 (Mo. App. E.D. 2019) and *Magruder v. Pauley*, 411 S.W.3d 323, 331 (Mo. App. W.D. 2013) (collectively indicating the same).

        **2.**     **Analysis of Plaintiffs' Petition, the Exhibits Attached Thereto, and Defendant's Motion to Dismiss**

In seeking declaratory relief, injunctive relief, and specific performance, Plaintiffs' petition alleges that, *inter alia*, the Addendum to the Settlement Agreement "extended the closing date for the transactions contemplated by [the Settlement] Agreement, including the sale of [Mother's] [R]esidence to Plaintiff Margaret Smith, until a time when there was a closing on all propert[y] [transactions], which were subject to certain litigation and . . . [contemplated by] the Watson-Casey Agreement." We find Plaintiffs have sufficiently pleaded this allegation in light of the collective language of the three agreements before this Court[4] and our standard of review.

First, taking Plaintiffs' allegations in their petition and the exhibits attached thereto as true and viewing all reasonable inferences therefrom in their favor, the Watson-Casey Agreement allegedly provides Plaintiff Sharon Smith, Plaintiff Howell, and Defendant Stewart would receive multiple parcels of real property, including Mother's Residence, which are

---

[4] As previously indicated, the Settlement Agreement and the Addendum have been filed as exhibits to Plaintiffs' petition; however, the Watson-Casey Agreement was not filed as an exhibit to Plaintiffs' petition, and the only alleged language and details of the agreement are found in Plaintiffs' petition and the exhibits attached thereto.

collectively referred to as the "Watson Properties." Moreover, a reasonable inference from this language is that the Watson-Casey Agreement contemplates the ownership of Mother's Residence.

Second, based on the terms of the Settlement Agreement alone, Defendant Stewart is obligated to sell Mother's Residence to Plaintiff Margaret Smith for $170,000.00 subject to closing adjustments and prorations *if* Plaintiff Margaret Smith successfully closed on the property on or before the effective date of June 1, 2017 *or if* Plaintiff Margaret Smith's failure to close on or before June 1, 2017 was through the fault of Defendant Stewart.

Third and finally, the Addendum provides in relevant part that "*[t]he Effective Date of the Settlement Agreement shall be the date upon which the closing of the transactions contemplated by the Watson-Casey Agreement occurs*"; "*[a]ny reference in the Settlement Agreement to any obligation being performed on or before the Effective Date shall mean the date upon which the closing of the transactions contemplated by the Watson-Casey Agreement occurs*"; and "[e]xcept as expressly set forth herein, the Settlement Agreement shall remain unmodified, unamended and in full force and effect." (emphasis added).

Viewing the aforementioned language of the three agreements referenced in the petition collectively and under our standard of review, we find Plaintiffs have sufficiently alleged the terms of the Addendum modify the Settlement Agreement's June 1, 2017 closing deadline because the deadline refers to an obligation to be performed before the new, amended effective date of the Settlement Agreement, i.e., the date when there was a closing on all property transactions contemplated by the Watson-Casey Agreement – including ownership of Mother's Residence – occurs. Moreover, according to Plaintiffs' sufficiently pleaded allegations, the Addendum and the Settlement Agreement collectively provide Defendant Stewart is obligated to sell Mother's Residence to Plaintiff Margaret Smith *if* Plaintiff Margaret Smith successfully

9

closed on the property on or before the date when there was a closing on all property transactions contemplated by the Watson-Casey Agreement *or if* Plaintiff Margaret Smith's failure to close before that deadline was through the fault of Defendant Stewart.

Nevertheless, we hold Plaintiffs' petition fails to state a claim for declaratory relief, injunctive relief, or specific performance based on one of the grounds asserted in Defendant's motion to dismiss.[5]  Defendant's motion to dismiss asserts Plaintiffs' petition fails to state a claim because, *inter alia*, although the petition alleges the Addendum to the Settlement Agreement extended the closing deadline for the sale of Mother's Residence from June 1, 2017 to the date of when there was a closing on all property transactions contemplated by the Watson-Casey Agreement, "Plaintiffs fail to specify the date of [such] closing [related to] the Watson-Casey Agreement, [so] that [Defendant] Stewart cannot determine whether Plaintiffs have satisfied any and all conditions required for the sale of Mother's Residence."  Indeed, Plaintiffs' petition does not allege a date of when there was a closing on all property transactions contemplated by the Watson-Casey Agreement, and we cannot reasonably infer from the allegations in the petition that such a date has occurred.[6]

Without a specific allegation of a date certain for the closing of all property transactions contemplated by Watson-Casey Agreement, it is not possible to determine whether antecedent contractual obligations have been performed.  If Plaintiffs would have alleged a date on which the closing of all relevant property transactions were completed, then it would be possible for

---

[5] *See Clay County Commission v. Galloway*, 615 S.W.3d 856, 859-60 (Mo. App. W.D. 2020) (an appellate court will affirm a trial court's dismissal for failure to state a claim upon which relief may be granted if any ground asserted in the defendant's motion to dismiss is valid); *see also Williston v. Vasterling*, 536 S.W.3d 321, 344 (Mo. App. W.D. 2017) (indicating that if an appellate court is able to affirm a dismissal on one ground asserted in the defendant's motion to dismiss, it is unnecessary to address alternative grounds pleaded in the motion).

[6] Rather, even under our standard of review which is very favorable to plaintiffs, the petition indicates a date when there was a closing all property transactions contemplated by the Watson-Casey Agreement had not occurred yet when it avers "recently the real estate exchanges as required in the Watson-Casey Agreement were *substantially completed*." (emphasis added).

them to plead they are entitled to relief on one of their claims. In sum, Plaintiffs' petition fails to allege sufficient facts to support their claim that Defendant Stewart had an enforceable contractual obligation to immediately sell Mother's Residence to Plaintiff Margaret Smith or that Defendant breached such obligation.

Under these circumstances, Plaintiffs have not sufficiently averred a controversy ripe for judicial determination exists, i.e., that "the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character." *See Graves*, 630 S.W.3d at 773 (citation omitted). Therefore, Plaintiffs have failed to state a claim for declaratory relief. *See id.* at 772-73 ("[a] petition states a claim for declaratory judgment if the court is presented with [, *inter alia*,] a controversy ripe for judicial determination") (citation omitted).

Similarly, because Plaintiffs have not sufficiently averred Defendant Stewart breached her alleged contractual obligation, which is the legal theory upon which Plaintiffs rest with respect to their claims of injunctive relief and specific performance, Plaintiffs have failed to state a claim for either of those remedies. *See State ex rel. Gardner*, 568 S.W.3d at 51 and *Magruder*, 411 S.W.3d at 331 (collectively indicating that in order to state a claim for injunctive relief or specific performance, which are both remedies for a cause of action, plaintiffs must plead, *inter alia*, facts that invoke substantive law entitling them to relief on a recognized and pleaded legal theory).

Based on the foregoing, the trial court's judgment is not erroneous to the extent the court found Plaintiffs' petition failed to state a claim upon which relief may be granted. Points one through four are denied.

11

**B.     Whether the Trial Court Erred in Dismissing Plaintiffs' Petition with Prejudice and Without Giving Plaintiffs the Opportunity to Amend their Petition**

Plaintiffs' fifth and final point on appeal, which sets forth an alternative argument to their first through fourth points, contends the trial court erred in dismissing Plaintiffs' petition *with prejudice* and without giving Plaintiffs the opportunity to amend their petition. For the reasons discussed below, we agree.

We review a trial court's dismissal of a petition with prejudice for an abuse of discretion. *Williams v. City of Kansas City*, 841 S.W.2d 193, 198 (Mo. App. W.D. 1992); *Smith v. City of De Soto*, 634 S.W.2d 204, 205 (Mo. App. E.D. 1982). A trial court abuses its discretion "when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to show a lack of careful consideration and shock the sense of justice." *Peet v. Randolph*, 103 S.W.3d 872, 876-77 (Mo. App. E.D. 2003).

In this case, the circumstances before the trial court at the time it heard Defendant's motion to dismiss and granted it with prejudice were as follows: Plaintiffs had only filed their original petition; Defendant's motion to dismiss did not request a dismissal with prejudice; the withdrawal of Plaintiffs' second attorney was effective two days before the dismissal hearing due in part to the court's ruling on the motion to withdraw one day after it was filed and without a hearing; the trial court's docket entry ordering Plaintiffs to appear at the motion to dismiss hearing was entered only one day before the hearing; and the dismissal hearing took place without the presence of Plaintiffs nor any counsel on their behalf.

Under the above circumstances of the instant case, we hold the trial court's dismissal of Plaintiffs' original petition with prejudice, without giving Plaintiffs an opportunity to amend, was too harsh and constituted an abuse of discretion. *See Boyd v. Kansas City Area Transp. Authority*, 610 S.W.2d 414, 416-17 (Mo. App. W.D. 1980) and *Thompson v. Fiber-Lum, Inc.*,

12

464 S.W.2d 514, 516-17 (Mo. App. 1971) (similarly holding under the circumstances of each respective case); *cf. Williams*, 841 S.W.2d at 198 ("[w]hen a trial court concludes that pleadings do not state a cause of action, and when [, unlike in this case,] adequate opportunity to amend has been provided, it is not error for the trial court to dismiss with prejudice"); *see also Peet*, 103 S.W.3d at 876-77; *Williams*, 841 S.W.2d at 198; *Smith*, 634 S.W.2d at 205. Finally, we note our holding is consistent with the general rule, as stated by the Missouri Supreme Court, that "'[o]rdinarily when a first pleading is ruled to be insufficient in a trial court, the party is afforded a reasonable time to file an amended pleading if desired.'" *State ex rel. Willman v. St. Joseph Hosp.*, 707 S.W.2d 828, 832-33 (Mo. App. W.D. 1986) (bracketed alteration in original) (quoting *Dietrich v. Pulitzer Pub. Co.*, 422 S.W.2d 330, 334 (Mo. 1968)).[7] Point five is granted.

## III.    CONCLUSION

Based on the foregoing, we affirm the trial court's judgment to the extent the court found Plaintiffs' petition should be dismissed for failure to state a claim upon which relief may be granted. However, we reverse the trial court's judgment to the extent the court dismissed Plaintiffs' petition *with prejudice*. Additionally, we remand the case with instructions to the trial court to enter an order reflecting the dismissal of Plaintiffs' petition is *without prejudice*; with instructions to the trial court to give Plaintiffs the opportunity to amend their petition; and for further proceedings consistent with this opinion.

_____
ROBERT M. CLAYTON III, Presiding Judge

Gary M. Gaertner, Jr., J., and
Thomas C. Clark II, J., concur.

_____

[7] *See also* Missouri Supreme Court Rule 67.06 (effective from September 1, 1973 to the present) (providing that upon granting a motion to dismiss a claim, a trial court "shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed"); Missouri Supreme Court Rule 55.33(a) (effective from January 1, 1994 to the present) (providing that leave to amend a pleading "shall be freely given when justice so requires").

13